JOHN H. EGGENS AND ANNA N. EGGENS, PLAINTIFFS, v. YELLOW CAB, INCORPORATED, A NEW JERSEY CORPORATION, AND DANIEL NEW, DEFENDANTS.

Submitted October term, 1930—Decided June 24, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Turner & Staller* and *John A. Matthews.*

*Contra, Francis A. Gordon.*

PER CURIAM.

A collision occurred between an automobile of the defendant New and a cab of the Yellow Cab Company at the corner

of Magie and Elmore avenues in Elizabeth, as a result of which collision the New car ran up on the sidewalk striking and injuring the plaintiff Anna N. Eggens, who at the time was waiting to cross the street. The action is to recover for these injuries.

A verdict was rendered against both defendants in favor of Mrs. Eggens in the sum of $12,500, and in favor of her husband in the sum of $2,500 for the loss sustained by him. Both defendants have rules for new trial, New contending that the verdicts are excessive in amount, and as to him that they are against the weight of the evidence as to liability; the cab company contending that the verdicts are excessive and as to it that they are against the weight of the evidence as to liability.

We think the verdicts were properly awarded against both defendants. The evidence would justify the conclusion that the collision was due to the failure of each to observe due care on approaching the intersection. The day was rainy and the streets wet; the New car was going south on Elmore avenue and the taxicab proceeding west on Magie avenue. The situation called for the exercise of caution on the part of each driver, and the evidence fairly discloses a failure to observe such care on the part of both. The verdicts will not be disturbed on the weight of the evidence.

The verdict in favor of Mrs. Eggens we think is grossly excessive. Her observable injuries consisted largely of bruises, but it was contended that an old arthritic condition had become materially aggravated because of the injuries received. Making all due allowance for all the proven injuries we think the damages awarded are excessive in so far as they exceed the sum of $7,000, and if she will remit all of the award beyond that amount, the rules as to her will be discharged; otherwise they will be made absolute as to damages only.

The award of $2,500 to the husband is not so clearly excessive as to justify a new trial. The rules in that case will be discharged.